UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN ADIS,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE KING, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.  2:24-cv-0751-KJM-JDP (SS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 12 & 19.  I recommend that plaintiff's motion be denied and the Commissioner's be granted.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

## Background

Plaintiff filed an application for SSI, alleging disability beginning February 15, 2019. Administrative Record ("AR") 239-48. After his application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). AR 36-59, 155-60, 171-77. On March 20, 2023, the ALJ issued a decision finding plaintiff not disabled. AR 17-29. Specifically, the ALJ found that:

> 1. The claimant has not engaged in substantial gainful activity since June 4, 2021, the application date.
>
> * * *
>
> 2. The claimant has the following severe impairments: schizoaffective disorder and bipolar disorder.

2

\* \* \*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember and apply simple job instructions.  He can maintain concentration, persistence, and pace for simple job tasks.  He can occasionally interact with the public.  He can frequently interact with coworkers and supervisors but no teamwork assignments with coworkers.  He can less than occasionally perform fast paced or high quota jobs but he can maintain a regular productive pace.

\* \* \*

5. The claimant has no past relevant work.

\* \* \*

6. The claimant was born [in] 1966 and was 54 years old, which is defined as an individual of advanced age, on the date the application was filed.

\* \* \*

7. The claimant has at least a high school education.

\* \* \*

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

\* \* \*

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 4, 2021, the date this application was filed.

3

AR 19-28 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Analysis

Plaintiff raises three arguments for reversing the ALJ's decision. First, he asserts that the ALJ failed to properly characterize plaintiff's subjective symptom testimony. ECF No. 12-1 at 3. Specifically, he contends that the ALJ failed to offer, as Ninth Circuit precedent demands, "specific, clear and convincing reasons" for rejecting claimant's testimony as to the severity of his symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Plaintiff argues that, here, the ALJ did little more than summarize the medical evidence and "make a generalized statement" that the record undermined claimant's testimony. ECF No. 12-1 at 5-6.

I disagree. At his oral hearing, plaintiff alleged that his schizophrenia prevented him from working and that the medicine he was prescribed for that condition rendered him sluggish and lacking in focus. ECF No. 11-1 at 45, 49-50, 58-60. In finding plaintiff non-disabled, the ALJ properly cited various instances in the record showing that plaintiff's condition had improved and was stable with medication. *Id.* at 428-29, 436-38, 445-46, 533-34, 541-42, 551, 554-55. The ALJ also found that plaintiff got along well with his brother, with whom he lived, and that he was able to cook, clean, and do errands. *Id.* at 29. These records are, admittedly, not purely positive. There are provider notes indicating that plaintiff showed belligerence to staff and that it was difficult to envision him working even a part-time job. *Id.* at 559-60. These ambiguities do not militate in favor of reversal, however, for two reasons. First, it is the province of the ALJ, not this court, to resolve those ambiguities. *See Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record."). Second, plaintiff's argument that the ALJ failed to offer sufficient or specific enough reasons for rejecting plaintiff's testimony is, as explained above, belied by the decision and its various citations to the record. "[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.

4

2001).  The ALJ did so here.  That argument is distinct from whether the ALJ interpreted the record correctly or in the most persuasive manner.  Regardless, an argument as to the correctness of the interpretation would also fail because the ALJ's determination was not irrational.  *See Tomasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) ("The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation.").

      Plaintiff's second argument is that the ALJ erred by improperly using his activities of daily living to attack his credibility.  ECF No. 12-1 at 7.  This argument is also unpersuasive.  An ALJ may discount a claimant's credibility on account of his daily activities if the "claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain."  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  Here, the ALJ found that plaintiff spending a substantial amount of time with his brother, with whom he lived, cut against claims that his propensity for interpersonal conflict would render him unable to work.  ECF No. 11-1 at 29.  Similarly, the ALJ found that plaintiff's contention that he slept well and was refreshed most mornings weighed against a finding that sluggishness or tiredness precluded employment.  *Id*.  Thus, the ALJ properly found that the qualities inherent in these activities, an ability to interact with others and the energy to perform tasks, were transferable to a work setting.

      This evidence is, of course, susceptible to more than one rational interpretation, as plaintiff points out in his motion.  It is also undoubtedly true that the ALJ could have drawn a more explicit line between each activity and the skill or function transferable to a work setting.  Nevertheless, the argument is obvious to any reader taking the decision in good faith and "where the ALJ's 'path may reasonably be discerned,' the Court will still defer to the ALJ's decision."  *Record v. Kijakazi*, No. 1:22-cv-00495-BAM, 2023 U.S. Dist. LEXIS 56721, 2023 WL 2752097, at *4 (E.D. Cal. Mar. 31, 2023) (quoting *Wilson v. Berryhill*, 757 F. App'x 595, 597 (9th Cir. 2019)).

      Plaintiff's final argument is that the ALJ erred in failing to find that plaintiff had an "extreme" limitation in interacting with others.  ECF No. 12-1 at 8.  The ALJ made this

determination, however, based on the evidence—including medical findings from state agency psychological consultants, neither of whom found an "extreme" limitation in that regard. ECF No. 11-1 at 25, 119-20, 141-42. In arguing for an "extreme" limitation, plaintiff offers no countervailing medical evidence and appears to offer only his own, layman's analysis of the record evidence. This argument should be rejected.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for summary judgment, ECF No. 12, be DENIED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 19, be GRANTED.

3. The Clerk of Court be directed to enter judgment in the Commissioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE